UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| NEDRA YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION; and EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendants. | Case No.:<br><br>**Complaint for Damages:**<br><br>    **Violation of Fair Credit Reporting Act** |

Plaintiff, Nedra Young, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.   INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.   PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

3. Defendant, Navy Federal Credit Union ("Navy Federal") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Georgia.

4. At all times pertinent hereto, Defendant Navy Federal is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

5. Defendant Equifax Information Services LLC ("Equifax") is a corporation existing under the laws of Georgia and at all times relevant hereto was regularly doing business in the State of Georgia.

6. Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

7. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

8. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

11. Personal jurisdiction exists over Defendants as Plaintiff resides in Georgia, Defendants have the necessary minimum contacts with the state of Georgia, and this suit arises out of specific conduct with Plaintiff in Georgia.

### IV. FACTUAL ALLEGATIONS

12. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Navy Federal and Equifax (collectively, "Defendants") and has suffered particularized and concrete harm.

13. Equifax is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

14. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

15. Equifax has a duty, under the FCRA, to follow reasonable procedures to

1   ensure that the consumer reports they sell meet the standard of "maximum possible
2   accuracy." 15 U.S.C. §1681e(b).

3   16.   After reviewing Plaintiff's consumer credit reports Plaintiff discovered their
4   Navy Federal account NAVY FCU 406XXXXXX (the "Account") being reported in
5   error.

6   17.   Navy Federal reports the Account twice when there is only one Account.

7   18.   Because Navy Federal erroneously reports the one Account twice with a
8   balance past due on Plaintiff's consumer report, Plaintiff's outstanding debt and number
9   of adverse and delinquent accounts is overstated.

10  19.   The inaccurate Account has become a permanent component of the
11  Plaintiff's credit profile and is reported to those who ask to review the credit history of
12  Plaintiff.

13  20.   The false information regarding the Account appearing on Plaintiff's
14  consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's
15  credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

21.   On or about April 16, 2025, the Plaintiff sent a written dispute to Equifax
("Equifax Dispute"), disputing the inaccurate information regarding the Account
reporting on Plaintiff's Equifax consumer report.

22.   Despite the clarity and detail provided in the Equifax Dispute the Account
continues to appear erroneously on Plaintiff's Equifax consumer report with a balance
past due and derogatory status.

23.   Upon information and belief, Equifax forwarded Plaintiff's Equifax Dispute
to Defendant Navy Federal.

24.   Upon information and belief, Navy Federal received notification of
Plaintiff's Equifax Dispute from Equifax.

25.   Navy Federal did not conduct an investigation, contact Plaintiff, contact
third-parties, or review underlying Account information with respect to the disputed

information and the accuracy of the Navy Federal Account.

26. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

27. Upon information and belief, Navy Federal failed to instruct Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer report.

28. Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Equifax Dispute.

29. At no point after receiving the Equifax Dispute did Navy Federal or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

30. Equifax relied on their own judgment and the information provided to them by Navy Federal rather than grant credence to the information provided by Plaintiff.

31. Equifax published the false information regarding the Account to third parties.

32. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

33. Plaintiff has lost time working to resolve the adverse information associated with the Accounts to prevent harm.

## COUNT I – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

34. Plaintiff re-alleges and reaffirms the above paragraphs 1-33 as though fully set forth herein.

35. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

36. Defendants Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendants Equifax published and maintained concerning Plaintiff.

37. As a result of this conduct, action and inaction of Defendant Equifax Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39. In the alternative, Defendant Equifax were negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

40. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

41. Plaintiff re-alleges and reaffirms the above paragraphs 1-33 as though fully set forth herein.

42. After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

43. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44. As a result of this conduct, action and inaction of Defendant Equifax,

Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant Equifax were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – NAVY FEDERAL

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

48. Plaintiff re-alleges and reaffirms the above paragraphs 1-33 as though fully set forth herein.

49. After receiving the Disputes, Navy Federal failed to correct the false information regarding the Navy Federal Account reporting on Plaintiff's consumer reports.

50. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Navy Federal's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Navy Federal's representations to consumer credit reporting agencies, among other unlawful conduct.

51. As a result of this conduct, action, and inaction of Defendant Navy Federal, Plaintiff suffered damages and continues to suffer actual damages, including economic

loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Defendant Navy Federal's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53. In the alternative, Defendant Navy Federal was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

54. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Navy Federal pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted July 21, 2025.

*/s/ Esther Oise*
Esther Oise, Esq. (GA Bar #686342)

Oise Law Group PC
2635 Governors Walk Blvd.
Snellville, GA 30078
Email: oiselaw@gmail.com
Telephone: (770) 895-3736
Attorney for Plaintiff